UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIT KUMAR, | CASE NO. 2:22-cv-00033-JHC |
| Petitioner, | ORDER |
| v. | |
| ICE FIELD OFFICE DIRECTOR, | |
| Respondent. | |

      This matter comes before the Court on the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge. Dkt. # 14. The Court previously adopted the then-unopposed Report and Recommendation. Dkt. # 15. Petitioner Amit Kumar moved to reopen the case, saying that he could not timely object due to contracting COVID-19. Dkt. # 17. The Court reopened the case and granted Petitioner 14 days to file objections. Dkt. # 18. Petitioner filed objections. Dkt. # 19. Having reviewed Petitioner's objections (Dkt. # 19) and pertinent filings, the Court ADOPTS the Report and Recommendation, DENIES Petitioner's habeas petition (Dkt. # 1), and DISMISSES the case with prejudice.

      In his objections, Petitioner alleges that (1) he does not present a flight risk because of his ties to his family and community and employment opportunity; (2) he is not a danger to the

ORDER - 1

community as he has no criminal history; (3) he was diagnosed with COVID-19 comorbidities, contracted COVID-19, and lost 15 pounds from being unable to eat during his illness; (4) he observed detention center staff fail to follow proper cleaning procedures, which created a dangerous environment for him; (5) he is eligible for release under *Fraihat v. U.S. Immigration & Customs Enforcement*, 16 F.4th 613 (9th Cir. 2021); (6) the discretionary factors an immigration judge (IJ) may consider during a bond hearing support his release; and (7) his pending challenges to the charges in India before the Indian High Court constitute a material change in circumstance justifying granting him another bond hearing.

For the most part, Petitioner's objections raise issues[1] that would require the Court to review the IJ's discretionary judgments, which, as the Report and Recommendation notes, the Court cannot do.  *See* 8 U.S.C. §1226(e); *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (holding only constitutional claims and questions of law are subject to judicial review).

As for the contention that Petitioner is eligible for release under *Fraihat*, as the Report and Recommendation notes, Petitioner has not established a particularized claim of a violation of his constitutional rights.  While he alleges that he contracted COVID-19, he does not show this occurred because of a constitutional violation or that the detention center could not or refused to care for him.  He alleges that the detention center is failing to adequately clean medical equipment, laundry, and food trays, but he does not show that the alleged cleaning practices deviate from an accepted standard or policy.

The Court recognizes the length of time Petitioner has been detained and that his last bond hearing was almost 11 months ago.  As the Report and Recommendation notes, as time

---

[1] This includes discretionary judgments about whether Petitioner is a flight risk and whether he poses a risk to the community.  And the factors Petitioner discusses in his objections are for the IJ to consider during a bond hearing, not for this Court to weigh in reviewing a habeas petition.

ORDER - 2

passes, the *Mathews*[2] factors for determining due process requirements may begin to tip in favor of holding another bond hearing. Petitioner alleges that he has challenged the charges against him and that the challenge is pending before the Indian High Court; he asserts that this challenge is a material change in circumstance justifying granting him another bond hearing. The Court agrees with the Report and Recommendation that a successful challenge to the charges may constitute a material change. Pending challenges, however, are too speculative to constitute a material change in circumstance.

   Accordingly, the Report and Recommendation is ADOPTED, Petitioner's habeas petition is DENIED, and the case is DISMISSED with prejudice. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

   Dated this 27th day of July, 2022.

                   John H. Chun
                   United States District Judge

---

[2] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

ORDER - 3